991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jack C. LASEE, Appellant,
v.
David B. JOHNSON; McClees Investments, Inc.; Miller,
Johnson & Kuehn, Inc., Appellees.
 No. 92-3708.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 9, 1993.
Filed: April 15, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jack C. LaSee appeals from the district court's[1] grant of summary judgment to defendants on the ground that LaSee's action is barred by the statute of limitations. We affirm.
 
 
 2
 On October 30, 1991, LaSee, a Wisconsin resident, filed this diversity action in Minnesota federal district court against David B. Johnson, McClees Investments, Inc., and Miller, Johnson & Kuehn, Inc. (MJK), Minnesota residents. He alleged defendants were jointly and severally liable for selling to him, in the state of Wisconsin, unregistered Sumner County, Tennessee, Industrial
 
 
 3
 Development Revenue Bonds, in the amount of $250,000, thereby violating the Wisconsin Uniform Securities Law, Wis. Stat. § 551.21 (1990).
 
 
 4
 The evidence shows that, on October 26, 1988, LaSee placed his order for the bonds, and defendants executed the order, debited LaSee's account for the purchase price, and sent LaSee a confirmation of the execution. On October 28, 1988, LaSee sent his check in full payment, and on October 31, 1988, defendants cashed the check. Defendants asserted LaSee's action is time-barred because he filed it more than three years after "the act or transaction constituting the violation." Wis. Stat. § 551.59(5) (1990). Defendants argued the violation occurred on October 26 when they executed and confirmed LaSee's order for the bonds. LaSee argued he was not committed to the sale until January 1, 1989. He attested that Johnson assured him that until then, he would be able to effectively unravel the transaction by returning the bonds to Johnson and receiving the amount he originally tendered or the market value of the bonds, whichever was greater. He attached a copy of Johnson's letter to that effect. Relying on federal law, 15 U.S.C. § 77m, and applying the "last integral act test," of Raiford v. Buslease, Inc., 825 F.2d 351, 352, 354-55 (11th Cir. 1987), LaSee alternatively argued that the last integral act constituting the sale was the actual transfer of funds from his bank account in payment for the securities. He argued his funds were not transferred until October 31, 1988.
 
 
 5
 The district court granted defendants' motion for summary judgment, holding under Wis. Stat. §§ 551.02(11)(a) (1990), 551.21, and 551.59(5), that the action accrued upon the sale of the bonds on October 26. The court rejected LaSee's argument that the offer to repurchase the bonds until January 1, 1989, constituted a condition of the sale. The court stated that Uniform Commercial Code § 8-313, Wis. Stat. § 408.313 (1990), "while instructive, is not dispositive," and that a security sale is complete when title transfers to the purchaser; thus even under the most expansive application of the last integral act test, the court ruled the violation occurred when title passed on October 26. LaSee timely appealed.
 
 
 6
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Additionally, we review district court determinations of state law de novo. Salve Regina College v. Russell, 111 S. Ct. 1217, 1221 (1991). We conclude that summary judgment was properly entered for defendants.
 
 
 7
 Construing sections 551.02(11)(a), 551.21, and 551.59(5), we agree with the district court that "the act or transaction constituting the violation" was the sale of the securities on October 26. The statute of limitations expired three years from the date of sale, on October 26, 1991; by filing his action on October 30, 1991, LaSee was outside the statutory limitations period. We also reject LaSee's argument that the offer to repurchase until January 1, 1989 was a condition precedent to the contract. We believe the district court properly characterized the agreement as a repurchase offer.
 
 
 8
 We decline LaSee's invitation to adopt here the last integral act test in applying Wisconsin law. See Raiford, 825 F.2d at 354-55. As defendants argue, we conclude Raiford is not analogous to the situation here.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota